**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ZENITH ENERGY TERMINALS JOLIET HOLDINGS LLC, a Delaware Limited Liability Company, JOLIET BULK, BARGE & RAIL LLC, a Delaware Limited Liability Company, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.:  N19C-10-054 EMD CCLD |
| CENTERPOINT PROPERTIES TRUST, a Maryland Real Estate Investment Trust, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFFS' MOTION TO ESTABLISH SUMMARY JUDGMENT RULING THAT "FINAL COMPLETION WAS NOT ACHIEVED" AS LAW OF THE CASE**

The Court has reviewed Plaintiffs' Motion to Establish Summary Judgment Ruling that "Final Completion was not Achieved" as Law of the Case (the "Motion")[1] filed on April 24, 2023, by Plaintiffs Zenith Energy Terminal Joliet Holdings, LLC and Joliet Bulk, Barge & Rail LLC (together, "Zenith"); and CenterPoint Properties Trust's Opposition to Plaintiffs' Motion to Establish Law of the Case (the "Response")[2] filed on May 8, 2023, by Defendant CenterPoint Properties Trust ("CenterPoint").  The Motion seeks relief in relation to the Court's January 23, 2023 opinion (the "Opinion")[3] denying both parties' cross-motions for summary judgment. Zenith now asks the Court for an order that the Opinion held "final completion was not achieved" and to make that purported holding the law of the case.  CenterPoint opposes entry of

---

[1] Plaintiffs' Motion (D.I. 164).
[2] Defendant's Response (D.I. 166).
[3] *See* Opinion (D.I. 158).

such an order.  After reviewing the Opinion, the Motion, and the Response, the Court has determined that cause does not exist to grant the relief sought by Zenith.  The Motion is **DENIED**.

The law of the case is a "judicially-created doctrine that prevents parties from relitigating issues that previously have been decided."[4]  "Once a matter has been addressed in a procedurally proper way by a court, it is generally held to be the law of the case and will not be disturbed by that court unless a compelling reason to do so appears."[5]

The Opinion addressed certain contract terms like "reasonable best efforts" and "reasonably prudent construction manager in the construction industry."[6]  The Court found that genuine issues of material fact exist regarding whether CenterPoint met these contractual standards of care.  The Court, therefore, denied summary judgment on the breach of contract claims.  The Court discussed the issue of "final completion" in the Opinion; however, an actual finding on that issue was not part of the Opinion.

Here, whether final completion was achieved was not central or dispositive to the issues raised by the parties in their summary judgment briefing.  The Court assumed, for purposes of Civil Rule 56, that final completion was not achieved.  The Court did not make such a factual holding as the issue was not necessary to the holdings set out in the Opinion.  Context is important.  The Court discussed final completion in the context of analyzing whether CenterPoint used "reasonable best efforts" and acted as a "reasonably prudent construction manager."  Based on the issues presented, the Court accepted that certain items that were

---

[4] *Sofregen Med. Inc. v. Allergan Sales, LLC*, 2023 WL 2034584, at *13 (Del. Super. Feb. 3, 2023) (cleaned up) (quoting *Zurich Am. Ins. Co. v. Syngenta Crop Prot. LLC*, 2022 WL 4091260, at *3 (Del. Super. Aug. 24, 2022)).
[5] *Preston Hollow Cap. LLC v. Nuveen LLC*, 2020 WL 7365808, at *5 (Del. Super. Dec. 15, 2020) (quoting *Zirn v. VLI Corp.*, 1994 WL 548938, at *2 (Del. Ch. Sept. 23, 1994)).
[6] *See* Opinion at 18-26.

contractually required to achieve "final completion" (as defined by the operative contracts) had not been completed. A passage from the Opinion demonstrates this:

> Therefore, while it is likely that Final Completion was not achieved, the Court finds that there are genuine issues of material fact regarding whether CenterPoint acted as a "reasonably prudent construction manager" as required by the Construction Management Agreement.[7]

The Opinion focuses on "reasonably prudent" and "reasonable best efforts." The Opinion does not make an actual finding on whether Final Completion was achieved.

CenterPoint recognizes this. The Response notes that CenterPoint intends to introduce evidence at trial (absent from its summary judgment briefing) that the missing items were, in fact, completed.[8] The issue of "final completion" will be factually presented at trial. The Court, as the fact finder, can analyze the fully developed evidentiary record to determine whether "final completion" was achieved—if that becomes necessary.

**IT IS SO ORDERED.**

Dated: May 31, 2023
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc: File&ServeXpress

---

[7] Opinion at 26.
[8] Defendant's Response at 5-6.